UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-1886 JGB (DTBx) | Date | November 18, 2016 |
| Title | *Mayra Martinez v. Schneider Logistics Transloading and Distribution, Inc., et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order: (1) DENYING Defendant's Motion to Dismiss as Moot (Dkt. No. 9); and (2) DENYING Plaintiff's Motion to Remand (Dkt. No. 16) (IN CHAMBERS)

 Before the Court are Defendant's motion to dismiss the complaint and Plaintiff's motion to remand the action to state court. (Dkt. Nos. 9 & 16.) The Court took this matter under submission on November 17, 2016. (Dkt. No. 27.) After consideration of the papers filed in support of, and in opposition to, the Motions, the Court DENIES Defendant's Motion to Dismiss as Moot and DENIES Plaintiff's Motion to Remand.

## I.   INTRODUCTION

 On July 29, 2016, Plaintiff Mayra Martinez ("Plaintiff") initiated this action against Schneider Logistics Transloading and Distribution, Inc. ("Schneider") and Cynthia Gonzalez ("Gonzalez") (collectively, "Defendants") in California Superior Court for the County of San Bernardino. ("Complaint," Dkt. No. 1-1.) In brief, her Complaint alleges that she was an employee of Schneider since 2011; that she suffered a work injury in 2014; and that she returned to work with restrictions in November 2014, but was ultimately placed on disability again in February 2015 and terminated in December 2015. She contends that her termination was "substantially motivated" by her disability.

 Based on the above facts, Plaintiff alleged eight causes of action: (1) discrimination; (2) harassment; (3) retaliation; (4) failure to prevent discrimination, harassment, and retaliation;

(5) failure to provide reasonable accommodations; (6) failure to engage in a good faith interactive process; (7) wrongful termination; and (8) declaratory judgment.

Defendants removed the action to this Court on September 1, 2016 on the basis of diversity jurisdiction, asserting that Gonzalez—a California resident—was a fraudulently joined individual sham defendant. (Not. of Removal, Dkt. No. 1.) Defendants also filed a motion to dismiss the complaint on the basis the Plaintiff could not assert any of her claims—except for her harassment claim—against Gonzalez. (Dkt. No. 9.)

Plaintiff subsequently filed a First Amended Complaint on September 23, 2016 asserting the same eight causes of action—although dismissing Gonzales from all but her harassment claim—and providing additional facts as to Gonzalez' involvement in her claims. ("FAC," Dkt. No. 13.) Plaintiff also filed the instant motion to remand the action to state court on September 30, 2016. ("Motion," Dkt. No. 16.) Defendants opposed Plaintiff's Motion on October 31, 2016. ("Opp'n," Dkt. No. 23.) On November 7, 2016, Plaintiff filed a reply memorandum in support of her motion. ("Reply," Dkt. No. 26.)

As a preliminary matter, the Court notes that Defendant's Motion to Dismiss is moot in light of Plaintiff's filing her Amended Complaint. Accordingly, the Court DENIES Defendant's Motion to Dismiss. The Court next turns to Plaintiff's Motion to Remand.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Jackson v. Specialized Loan Servicing, LLC, No. CV 14-05981 MMM PLAX, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014) (quoting Gaus). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson, 2014 WL 5514142, at *6. Doubts as to removability must be resolved in favor of remanding the case to state court. Id. (internal citations omitted).

But removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). As the Ninth Circuit has explained, "fraudulent joinder is a term of art" and requires courts to look at whether a plaintiff has failed to state a cause of action against a

resident defendant. Id. Thus, the defendant must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. Id.; see also Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (defendant seeking removal based on alleged fraudulent joinder "must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant" but must also show that "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant"); Gloger v. Lynch, No. 2:16-CV-05445-CAS-E, 2016 WL 4770015, at *3 (C.D. Cal. Sept. 12, 2016) (noting that "the burden of proving a fraudulent joinder is a heavy one" because "the removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court"); Hurd v. Am. Income Life Ins., No. CV-13-05205 RSWL-MRW, 2013 WL 5575073, at *3 (C.D. Cal. Oct. 10, 2013) ("The defendant must demonstrate that *there is no possibility* that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant.") (internal marks omitted) (emphasis in original).

Finally, the Ninth Circuit has explained that the general rule is that "the propriety of removal is determined solely on the basis of the pleadings filed in state court"—and that post-removal amendments to the pleadings thus cannot affect whether a case is removable. Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006). However, it has also recognized limited exceptions to this rule, noting that "that rule applies mainly in cases where the amended complaint attempts to destroy federal jurisdiction after the case has been properly removed." Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1046 (9th Cir. 2000). Thus, where the initial complaint facially precludes removal, courts in this Circuit have considered post-removal amendments as providing clarification on allegations bearing on jurisdiction. See, e.g., Schuster v. Gardner, 319 F. Supp. 2d 1159, 1163-64 (S.D. Cal. 2003) (noting that "strict adherence" to general principle that removal should be determined on the basis of original pleadings "would work an injustice," and finding that amended complaint was merely clarification of its original complaint rather than attempt to manipulate the choice of forum); see also Loid v. Computer Scis. Corp., No. CV-12-5144-EFS, 2013 WL 808696, at *5 (E.D. Wash. Mar. 5, 2013) ("[W]hen the initial complaint facially precludes removal, courts may properly consider a timely-filed amended complaint as a clarification to the allegations bearing on the federal court's jurisdiction.")

### III. DISCUSSION

While Schneider is a Wisconsin corporation, Gonzalez—Schneider's Human Resources Representative—is a California resident and is therefore nondiverse from Plaintiff. Defendant argues that Plaintiff has failed to state a viable claim for relief against Gonzalez because: (1) her allegations with regard to Gonzalez relate to post-termination conduct that occurred outside of the workplace; (2) the alleged conduct does not meet the legal definition of harassment; and (3) the alleged conduct does not rise to the level of actionable harassment. (Opp'n at 2.)

To the extent that Plaintiff's Complaint asserted allegations specifically against Gonzalez, these were as follows:

> "On or around December 31, 2015, Plaintiff was wrongfully terminated when she received a letter, which falsely stated that Plaintiff had voluntarily resigned. When Plaintiff received the letter, Plaintiff contacted MS. GONZALEZ and requested an explanation as to why the letter falsely stated that she had voluntarily quit and even asked for reinstatement and accommodations. Over the course of the next few days, MS. GONZALEZ continuously harassed Plaintiff by giving her run around and asking her about her medical condition and her work restrictions and leading her on until eventually she told Plaintiff that she would not be reinstated."

(Complaint at 6.) The Complaint also stated all eight causes of action against Gonzalez. (See generally id.) Without delving into the merits of Plaintiff's claims against Gonzalez, the Complaint thus appears to facially preclude removal: it includes allegations against a non-diverse defendant. The Court thus looks to the FAC to clarify whether the allegations are sufficient to state a claim against Gonzalez or whether she was fraudulently joined to this action.

As noted above, Plaintiff dismissed Gonzales from seven of her eight causes of action in the FAC, retaining Gonzalez as a defendant only in her harassment cause of action. The FAC also incorporates additional factual details implicating Gonzalez as follows:

> "On or around December 21, 2015, Plaintiff contacted MS. GONZALEZ to notify Defendants that she was ready to go back to work with restrictions. MS. GONZALEZ proceeded by asking Plaintiff what kind of work she could perform with her restrictions and then promised Plaintiff that she would look to see if there was any position available to accommodate her and then she would call her back, which MS. GONZALEZ never did. Instead, about a week later, on or around December 31, 2015, Plaintiff received a letter, signed by MS. GONZALEZ, which falsely stated that Plaintiff had voluntarily resigned. When Plaintiff received the letter, Plaintiff contacted MS. GONZALEZ and requested an explanation as to why the letter falsely stated that she had voluntarily quit. MS. GONZALEZ even admitted that the letter falsely stated that Plaintiff had voluntarily resigned."

(FAC ¶ 22.) Schneider claims that even these amended allegations are insufficient to state a claim because the conduct does not plausibly fall under the definition of "harassment" under California's Fair Employment and Housing Act ("FEHA"). (See generally Opp'n.) In response, Plaintiff argues that "it is apparent that Gonzalez's conduct was severe or pervasive enough to transmit Gonzalez's hostile and offensive message to Plaintiff and create a hostile work environment." (Reply at 7.)

Under FEHA, individual supervisory employees may be held liable for personal conduct constituting harassment, but not for personnel management decisions later considered to be discriminatory. Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 62–63 (1996). This difference is "based on the fundamental distinction between harassment as a type of conduct not necessary to a supervisor's job performance, and business or personnel management decisions—which might later be considered discriminatory—as inherently necessary to performance of a supervisor's job." Id. at 63. Thus, harassment consists of a type of conduct not necessary for

performance of a supervisory job, but rather "of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." Id. Under FEHA, this includes: (a) verbal harassment, e.g. epithets, derogatory comments or slurs on a basis enumerated in the Act; (b) physical harassment, e.g. assault, impeding or blocking movement, or any physical interference with normal work or movement, when directed at an individual on a basis enumerated in the Act, or; (c) visual forms of harassment, e.g. derogatory posters, cartoons, or drawings on a basis enumerated in the Act. Cal. Code Regs. Tit. 2 § 7287.6, subd. (b)(1). In contrast, "commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment." Janken, 46 Cal. App. 4th at 64-65.

Moreover, the standard is high for showing that the conduct at issue constituted harassment: specifically, a plaintiff must show unwelcome conduct that is "sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." Hurd v. Am. Income Life Ins., No. CV-13-05205 RSWL-MRW, 2013 WL 5575073, at *4 (C.D. Cal. Oct. 10, 2013). This standard only protects against behavior "so objectively offensive as to create a hostile or abusive work environment." Id. (internal marks omitted.) However, it does not encompass conduct that is only "rude, inappropriate, [or] offensive." Mokler v. Cty. of Orange, 157 Cal. App. 4th 121, 145 (2007). Thus, this District has previously rejected claims of harassment against individual defendants where the allegedly wrongful conduct was connected to personnel decisions and was not physically threatening or humiliating: for example, in Hurd v. Am. Income Life Ins., No. CV-13-05205 RSWL-MRW, 2013 WL 5575073 (C.D. Cal. Oct. 10, 2013), the court found that the plaintiff's supervisor was a sham defendant where, after the plaintiff had told her that she had injured her back on the job, her supervisor told her not to text her about medical leave, and would call her during dinner and "demand to know the status of her medical leave and paperwork." 2013 WL 5575073, at *1, *5. This behavior, the court found, was "not objectively abusive so as to create a hostile working environment." Id. at *5. Similarly, in Gorom v. Old Dominion Freight Line Inc., No. 2:12-CV-08374-SVW, 2013 WL 195377 (C.D. Cal. Jan. 17, 2013), the court held that the individual defendants were fraudulently joined where the plaintiff alleged that they had declined his request for a transfer, declined his request for an accommodation from the company's policy, suspended him, and required him to attend a stressful meeting. 2013 WL 195377 at *4. The court noted that under these facts, "the Complaint cannot possibly state a claim for harassment" against the individual defendants, emphasizing that, "[e]ven viewing these allegations in the light most favorable to Plaintiff, they encompass only the types of personnel decisions that are delegable to a supervisor." Id.

Such is the case here. Even after amending her complaint, Plaintiff has not shown that she could plausibly allege any facts that would subject Gonzalez to individual liability for harassment: her only actions relate to decisions about Plaintiff's responsibilities and eventual termination. Whether Gonzalez acted in an unprofessional or even inappropriate manner, such conduct simply does not fall under the scope of FEHA's protection against harassment, and, to

the extent that such conduct may impose liability, the responsibility for the employment decisions fall to the employer.  Thus, even viewing the allegations in the light most favorable to Plaintiff, there is no basis for the Court to infer that there was any conduct that could possibly be construed as harassment by Gonzalez.  And, because Plaintiff's claim for harassment cannot succeed, the Court is satisfied that Gonzalez was fraudulently joined, and thus does not destroy diversity jurisdiction. The Court therefore dismisses the second cause of action as to Gonzalez.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that complete diversity exists between Plaintiff and Defendant Schneider.  Although Gonzalez is a resident of California, the Court disregards her citizenship because it finds that she was fraudulently joined.  Accordingly, the Court DISMISSES Gonzalez as a sham defendant and DENIES Plaintiff's Motion to remand the case.

**IT IS SO ORDERED.**